IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEIDI JO STERF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-10 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion for Summary Judgment (Doc. 8) will be granted, and Plaintiff's Motion for Summary Judgment (Doc. 6) will be denied.

Plaintiff (hereinafter, "Claimant") has filed this social security appeal, challenging the ALJ's denial of supplemental security income benefits in a decision dated July 15, 2011. *See generally* Compl. (Doc. 1); ALJ's Decision, R. at 15-27. The ALJ found that Claimant suffered severe impairments, but that Claimant's conditions did not preclude her from performing a limited range of medium to sedentary work. *See* ALJ's Decision, R. at 16.[1] Although the ALJ determined that Plaintiff could function at the "medium" exertional level, and could return to past relevant work as a cashier and crossing-guard, the ALJ nevertheless proceeded to step five of the sequential analysis. *See* R. at 25-26. The vocational expert testified

---

[1] The ALJ determined that Claimant suffered the severe impairments of asthma, bipolar disorder, depression, anxiety, PTSD and alcohol and cannabis abuse. *Id.* at 17. The ALJ found that these impairments limited Claimant to work that: avoids extremes of dust, fumes, pulmonary irritants and temperature; is limited to simple, routine work, performed at an entry-level; requires no public contact; is not subject to a quota-based environment; and is limited to simple decision-making. *Id.* at 20.

that an individual with Claimant's limitations could perform jobs existing in significant numbers in the national economy, and the ALJ found Claimant not "disabled" as defined under the Social Security Act. *Id.* at 26.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor unsupported by substantial evidence. Accordingly, the Court will limit its discussions to the challenges raised in Claimant's brief. *See* Pl.'s Br. (Doc. 7) at 5-11.

Claimant's briefing is less than a picture of clarity, largely consisting of lengthy recitations of the record, punctuated by citations to general legal standards and decisional authority. Much of its content is not amenable to traditional legal analysis, but the Court will make best efforts to address those challenges leveled with sufficient particularity. To the extent that Claimant intended to assert challenges not addressed below, the duty of articulation lied with her counsel, not the Court. *See* Schultz v. Astrue, 2010 WL 2733605, * (E.D. La. Jun. 8, 2010) ("[i]t is not the duty of [the c]ourt to craft plaintiff's argument for her or to comb the record to find evidence that supports her claims").

First, and contrary to Claimant's assertion, the ALJ did not fail to acknowledge the medical findings of therapist Kathy Carrier. *See* Pl.'s Br. at 3. Rather, the ALJ's decision repeatedly referenced, and accounted for, Ms. Carrier's reports,[2] and Claimant otherwise has failed to show that the ALJ erred in weighing the reports against the other evidence. *See generally* Brown v. Astrue, 649 F.3d 193, 196 (3d Cir. 2011) (ALJ is "entitled to weigh all evidence . . . and draw [her] own inferences") (citation omitted).

---

[2] *See* ALJ's Decision, R. at 18, un-numbered ¶ 4; R. at 19, un-numbered ¶¶ 1, 2 & 3; *and* R. at 21, ¶¶ 3, 4 (referencing Ms. Carrier's reports as "Exhibit 7F").

Likewise, the ALJ did nor err in affording less weight to Claimant's treating sources, Drs. Saghir Ahmad and Victor Jabbour. *See* Pl.'s Br. at 3, 18-21. Rather, the ALJ carefully weighed the opinions of all the medical sources in the record, and explained why she credited some and discredited others. *See* ALJ's Decision, R. at 21-24. As the ALJ noted, Dr. Ahmad's assertion that Claimant could not work, reflected in a single "check box" in his RCF report, was accompanied by handwritten notes indicating that "information [was] unavailable" regarding potential "occupational adjustments," and he conceded that Claimant's ability to make work-related "performance adjustments" was "not observed." *See* R. at 540-41. The ALJ also was entitled to discredit Dr. Ahmad's opinion as unsupported by the information he provided and as inconsistent with other medical evidence in the record. *Compare* ALJ's decision, R. at 23 *with, e.g.*, Burke v. Comm'r of Soc. Sec., 2009 WL 567229, *3 (3d Cir. Mar. 6, 2009) (affirming ALJ's decision to afford "no significant weight" to treating physician's opinion, where it was "[not] well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] inconsistent with the other substantial evidence") (citation omitted). The same reasoning extends to the opinion of Dr. Jabbour. *See* ALJ's Decision, R. at 22 (discounting doctor's opinion of disability in 2002, offered for purposes of DPW application, because doctor was general practitioner who did not specialize in mental health treatment, because disability determination, for purposes of SSI, is reserved to Commissioner, because opinion did not account for Claimant's current condition and recent treatment and because his opinion was inconsistent with other medical evidence in record).

Next, the ALJ's determination that Claimant did not meet Listing 12.04C, regarding Affective Disorders, was supported by substantial evidence. *Cf.* Pl.'s Br. at 3-4, 14-16 (arguing to contrary). In this regard, Claimant merely lists the reports and findings in the record that

3

appear contrary to the ALJ's determination. *See id.* at 14-15. The ALJ's Decision, however, carefully assessed the information now cited by Claimant, along with all of the remaining contents of the record, and the ALJ explained why she chose to credit the findings that she did. Among other things, the ALJ explained that Claimant's reported symptomatology was inconsistent with other of her own statements, and she concluded that there was "no evidence" in Claimant's medical history regarding certain of the Listing's criteria. *See* ALJ's Decision, R. at 18-20. The ALJ's Listing evaluation was supported by record-medical evidence and opinions, and Claimant has identified no legitimate basis for second-guessing the ALJ's decision. *See* Brown, 649 F.3d at 196-96 (weighing of medical evidence is within province of ALJ).[3]

Finally, Claimant's arguments regarding the Dictionary of Occupational Titles (DOT) are without merit. At the hearing, the vocational expert ("VE") framed her testimony within the context of the DOT, and, upon inquiry of the ALJ, she confirmed that her testimony was consistent. Hearing Tr., R. at 56-58; *id.* at 59 ("Q: Is your testimony consistent with the information found in the [DOT]? A: Yes, Judge."). Although Claimant suggests that certain of the occupations identified by the VE were inconsistent with Claimant's limitation to a "[non-]quota based [work] environment," the DOT entries in question make no reference to quotas. *See* DOT entries for "table worker," "mail sorter" and "document preparer" (available at website, https://www.oalj.dol.gov/LIBDOT.HTM). Claimant's inconsistency argument is grounded in speculation, and it is contrary to the law. *See* Horn v. Colvin, 2013 WL 1386836,

---

[3] Although Claimant appears to suggest that her GAF scores, at their lowest, compel a finding of Listing-equivalency, this proposition is not supported in the law. Liggitt v. Comm'r of Soc. Sec., 2011 WL 2458054, *11 (W.D. Pa. May 20, 2011) (holding same) (citations omitted); *compare also, e.g.*, Pl.'s Br. at 15 (noting reported GAF scores of 42 and 50, indicative of "serious symptoms") *with, e.g.*, R. at 323, 326 (noting GAF scores of "60-65" and "60," which reflects "moderate" to "mild" symptoms). In this case, citing GAF scores in a vacuum adds nothing to the disability determination.

4

*4 (W.D. Pa. Apr. 4, 2013) (finding no conflict between VE's testimony and DOT regarding limitation/capacity that "the DOT simply [did] not address") (citation to quoted source omitted).

For all of the reasons stated above, Claimant has failed to demonstrate that the ALJ's decision was erroneous or lacking the support of substantial evidence. The Commissioner's decision hereby is AFFIRMED, and the Court enters the following:

## II. ORDER

Plaintiff's Motion for Summary Judgment (**Doc. 6**) is **DENIED**, and Defendant's Motion for Summary Judgment (**Doc. 8**) is **GRANTED**.

IT IS SO ORDERED.

March 27, 2014                                  s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All counsel of record